**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-81471-CIV-DAMIAN/Matthewman**

**TINA NOREN, as Personal Representative of the Estate of Matthew Noren and as Assignee of WILLIAM CRAWFORD and BL ADVENTURES, LLC**,

Plaintiff,

v.

**USAA CASUALTY INSURANCE COMPANY**,

Defendant.
_______________________________________/

**ORDER AFFIRMING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 73]**
**ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 53]**

**THIS CAUSE** is before the Court on Chief United States Magistrate Judge William Matthewman's Report and Recommendation, entered on October 30, 2025. [ECF No. 73 ("Report")]. In the Report, Magistrate Judge Matthewman recommends that this Court grant Defendant's Motion for Judgment on the Pleadings [ECF No. 53 ("Motion")]. Plaintiff filed timely Objections to the Report [ECF No. 79 ("Objections")], and Defendant filed a Response to Plaintiff's Objections [ECF No. 82 ("Response")]. The matter is ripe for review.

THE COURT has reviewed the Motion and the parties' briefing on the Motion, the Report, the Objections and Response thereto, the pertinent portions of the record, and applicable law and is otherwise fully advised. For the reasons set forth below, this Court agrees with the Magistrate Judge's recommendations and therefore adopts the Report, grants the Motion, and dismisses Plaintiff's Amended Complaint.

## I. BACKGROUND

### *A. Factual Background*

This insurance coverage dispute arises from a tragic accident aboard a sailboat owned by BL Adventures, LLC. In April 2023, Matthew Noren was performing repairs aboard the sailboat when the mast of the sailboat fell with Mr. Noren attached, causing him to fall to his death. *See* ECF No. 14 ("Am. Compl.") ¶ 17. Mr. Noren's wife, Tina Noren, retained counsel and sought, in her capacity as the personal representative of Mr. Noren's estate, to bring a wrongful death claim against the owners of the sailboat, BL Adventures and William Crawford. *Id.* ¶¶ 18–19. Ms. Noren put Crawford and BL Adventures on notice of her wrongful death claim, and they, in turn tendered the defense and indemnity of her claim to their liability insurers, GEICO and USAA Casualty Insurance Company ("USAA"). *Id.*

As set forth in the Amended Complaint, at the time of the incident, there were two insurance policies in place: (1) a GEICO marine insurance policy issued to BL Adventures for the sailboat with a $1,000,000 per occurrence liability coverage (the "GEICO Policy"); and (2) a personal umbrella insurance policy issued by Defendant, USAA, to Crawford with a $1,000,000 per occurrence liability coverage (the "Umbrella Policy"). *Id.* ¶¶ 15–16.

In June 2023, GEICO filed a petition for exoneration from liability or limitation of liability in the United States District Court for the Southern District of Florida, Case No. 23-cv-80944-BER (the "GEICO Action"). *Id.* ¶ 21. Ms. Noren filed a counterclaim against BL Adventures and Crawford in the GEICO Action seeking damages arising from the wrongful death of Mr. Noren. *Id.* ¶ 23. Ms. Noren then demanded payment of the policy limits under both the GEICO Policy and the Umbrella Policy. *Id.* ¶ 25.

GEICO tendered $1 million to Ms. Noren under BL Adventures LLC's marine insurance policy. *Id.* ¶ 26. Crawford sought coverage under his personal Umbrella Policy as a member of BL Adventures. *Id.* ¶ 20. USAA denied coverage for Ms. Noren's wrongful death claim because BL Adventures is not a named insured under the Umbrella Policy and the sailboat was not listed as a known exposure under the policy. *Id.* ¶ 22.

After an arm's length negotiation, Crawford, BL Adventures, and Ms. Noren executed a *Coblentz* agreement[1] and entered a consent judgment for $4,158,772.53. *Id.* ¶¶ 30–32. Crawford and BL Adventures assigned their rights under the Umbrella Policy to Ms. Noren. *Id.* ¶ 33. Judge Reinhart entered an Order approving the parties' agreement in the GEICO Action. *Id.* ¶ 34. This action followed.

***B. Procedural History***

On November 22, 2024, Ms. Noren, as personal representative of the Estate of Mr. Noren, and as assignee of Crawford and BL Adventures, filed the Complaint in this action seeking a declaration that USAA is obligated to provide coverage under the Umbrella Policy and that USAA breached its duty to defend and indemnify. [ECF No. 1]. On February 4, 2025, Ms. Noren filed an Amended Complaint asserting a single count for declaratory action. [ECF No. 14 ("Amended Complaint")]. USAA filed its Answer and Affirmative Defenses to the Amended Complaint on February 18, 2025. [ECF No. 16].

[1] A "*Coblentz*" agreement refers to a settlement agreement entered into between an insured and a claimant in order to resolve a lawsuit in which the insurer has denied coverage and declined to defend. *Bradfield v. Mid-Continent Cas. Co.*, 15 F. Supp. 3d 1253,1257 n.6 (M.D. F1a. 2014) (citation omitted). In a traditional *Coblentz* agreement, the insured enters into a consent judgment establishing its liability and fixing damages and assigns any cause of action it has against its insurer to the claimant. *See id*.

On September 17, 2025, USAA filed the Motion for Judgment on the Pleadings which is the subject of the Report. [ECF No. 53]. The undersigned referred the Motion to Judge Matthewman. [ECF No. 55]. After the Motion was fully briefed, on October 14, 2025, the parties filed cross-motions for summary judgment. [ECF Nos. 64 and 66]. On October 30, 2025, Magistrate Judge Matthewman entered the Report. In the Report, Magistrate Judge Matthewman finds no coverage under the Umbrella Policy and recommends that USAA's Motion for Judgment on the Pleadings be granted. [ECF No. 73]. Ms. Noren filed timely Objections to the Report [ECF No. 79], and USAA filed a Response [ECF No. 82].

Thereafter, on November 12, 2025, USAA filed an unopposed motion to stay the case pending the Court's ruling on the dispositive motions. [ECF No. 81]. This Court granted the motion and stayed the case until such time as the Court rules on the Report on the Motion for Judgment on the Pleadings or the parties' respective motions for summary judgment. [ECF No. 83]. The Report is ripe for adjudication by this Court.

## II. LEGAL STANDARD

When a magistrate judge's "disposition" is properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). A proper objection "identifie[s] specific findings set forth in the R & R and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks and other citation omitted)); *see also Russell v. United States*, No. 11-20557-Civ, 2012 WL 10026019, at *1 (S.D. Fla. Apr. 17, 2012) (declining to address general or blanket objections not specifically identifying aspects of the Magistrate Judge's report to which the petitioner

objected). A party's objections are improper, however, if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018) (Bloom, J.); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015) (Altonaga, J.); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (Ungaro, J.) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III. DISCUSSION

In the Report, the Magistrate Judge makes the following findings: (1) the Umbrella Policy is not maritime in nature, and, therefore, the maritime term of "owner *pro hac vice*" does not apply to the Umbrella Policy's definition of "insured" (Report at 6–7); (2) there is no coverage for the subject vessel under the Umbrella Policy because the subject vessel is not "owned" by Crawford (*Id.* at 8–9); and (3) BL Adventures is neither a named nor definitional

insured under the Umbrella Policy, and, therefore, BL Adventures has no rights under the Umbrella Policy and cannot assign anything to Ms. Noren. (*Id.* at 9).

In light of these findings, the Magistrate Judge recommends that this Court grant USAA's Motion for Judgment on the Pleadings because there exists no coverage under the Umbrella Policy for Mr. Noren's accident.

As an initial matter, and as noted in USAA's Response, this Court observes that Ms. Noren's Objections are very barebones and, essentially, do not constitute proper objections to the Report. Ms. Noren first emphasizes that, in her declaratory action, she separately seeks coverage for Crawford, as the named insured, and BL Adventures, as an additional insured, under the Umbrella Policy. Obj. at 2. She then goes on to cite allegations from her Amended Complaint and responses to the pending motions to further emphasize that she is seeking coverage for both Crawford and BL Adventures. *Id.* at 2–4. Ms. Noren does not object to the Magistrate Judge's finding that BL Adventures does not qualify as an additional insured under the Umbrella Policy, thereby rendering BL Adventures' purported assignment to Ms. Noren invalid. *Id.* at 5. Ms. Noren only takes issue with the Report to the extent that the Magistrate Judge recommends that USAA is entitled to judgment as a matter of law as to Crawford's assignment of his rights under the Umbrella Policy to Ms. Noren. *Id.* However, Ms. Noren fails to elaborate on her objection. Rather, she asserts that Crawford's assignment to Ms. Noren is not affected by BL Adventures' invalid assignment because Crawford is the named insured under the Umbrella Policy and has become legally liable to Ms. Noren for her husband's wrongful death. *Id.* at 6. But the validity of Crawford's assignment of policy claims to Ms. Noren is neither addressed in USAA's Motion for Judgment on the Pleadings nor in the Magistrate Judge's Report.

This declaratory action is not about whether Crawford's assignment of his rights under the Umbrella Policy to Ms. Noren is valid. As the Magistrate Judge put it: "The main issue before the Court is who and what the Umbrella Policy insures." Report at 4. Ms. Noren wholly fails to address the Magistrate Judge's findings and conclusions with respect to the interpretation of who and what qualifies as an "insured" under the Umbrella Policy, in which the Magistrate Judge rejected Ms. Noren's argument that Crawford, in his capacity as "owner *pro hac vice*" of the subject vessel, became personally liable to Ms. Noren, and, therefore, that Crawford is entitled to coverage under the personal Umbrella Policy. *See* Report at 6–7.

As further detailed in the Report, the Magistrate Judge engaged in a thorough analysis of the Umbrella Policy language (under both Ohio and Florida law) and concluded that Ms. Noren's coverage theory, *i.e.*, that Crawford's personal Umbrella Policy covers the accident because he is an "owner *pro hac vice*" of the subject vessel, plainly contradicts the Policy's unambiguous language. Furthermore, the Magistrate Judge determined that the term "insured" in the Umbrella Policy applies to Crawford in his individual capacity and covered watercraft "owned" by Crawford in his individual capacity. Report. 8. The Magistrate Judge noted that Ms. Noren conceded that Crawford is not the title owner of the subject vessel, and, therefore, that the subject vessel does not fall under the definition of "insured" under the Umbrella Policy. *Id.* at 9. The Magistrate Judge therefore concluded that "No matter how [Ms. Noren] frames this lawsuit or the parties, she cannot change unambiguous language." *Id.* Ms. Noren wholly fails to address these findings and conclusions in her Objections.[2] The Magistrate Judge did not address USAA's separate ground for judgment as a matter of law

[2] Oddly, in her Objections, Ms. Noren claims that in the Report, the Magistrate Judge's "only finding was that BL Adventures does not qualify as an additional insured under the policy." Obj. at 5.

concerning the Umbrella Policy's watercraft exclusion upon finding the first ground dispositive.

This Court has undertaken a careful review of the underlying memoranda, the Report, and the Objections and Response thereto, as well as the Umbrella Policy itself, and agrees with Judge Matthewman's reasoning and conclusions. Having independently reviewed the foregoing, this Court agrees with Judge Matthewman's conclusion that the Umbrella Policy does not provide coverage for Ms. Noren's wrongful death claim. This Court also agrees that BL Adventures is neither a named nor definitional insured under the Umbrella Policy, and as a separate and distinct entity from Crawford, BL Adventures has no rights under the Umbrella Policy.

In short, Ms. Noren has not demonstrated any reason why the Magistrate Judge's conclusions were incorrect and, to the contrary, the undersigned agrees with the Magistrate Judge's thorough and reasoned analysis and finds that Ms. Noren has shown no reason in her Objections for this Court to disagree with the Magistrate Judge's conclusions.

## IV. CONCLUSION

Accordingly, for the reasons stated in Magistrate Judge Matthewman's Report, and upon *de novo* review, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [**ECF No. 73**] is **AFFIRMED AND ADOPTED** and incorporated herein for all purposes, including appellate review.
2. Defendant's Motion for Judgment on the Pleadings **[ECF No. 53]** is **GRANTED**.
3. Plaintiff's Amended Complaint [ECF No. 14] is **DISMISSED WITH PREJUDICE**. Final judgment will be entered by separate order pursuant to Fed. R. Civ. P. 58(a).

4. Any pending motions are **DENIED AS MOOT**. This case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida, this 8th day of November, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record